**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Great Western Bank, | No. CV-21-00883-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Clear Vision Express Tucson 2 LLC, Clear Vision Express Limited, Avery Commercial Small C LLC, Avery Holdings Limited, Michael A Hochman, Michael A Hochman Family LP, and Anna Hochman, | |
| Defendants. | |

Pending before the Court are three motions: a Motion to Bifurcate Action (Doc. 11), a Motion to Transfer Venue to the United States Bankruptcy Court for the Southern District of Texas (Doc. 8), and a Notice of Pending Motion for Partial Summary Judgment (Doc. 21).

The parties' arguments in these three Motions are all premised on the assumption that this Court has jurisdiction or at least the ability to transfer the case—but that is unclear. This case was never properly in federal court, and accordingly, there are no motions properly pending before this Court. As such, this Court is faced with a Gordian-level procedural problem, and to untangle it, the Court will remand the entire case back to the Arizona Superior Court in Maricopa County.

**I.    BACKGROUND**

Great Western Bank ("Great Western") filed a complaint in June 2020 in the

Arizona Superior Court in Maricopa County ("Superior Court").  (Doc. 7-1 at 1.)  Great Western alleged that Avery Commercial Small C ("Avery") defaulted on an approximately $2.3 million promissory note secured by commercial real property in Oro Valley, Arizona (the "Real Estate Loan").  (*Id.* at 2.)  This loan was guaranteed by six of the seven defendants, including Clear Vision Express Tucson 2 ("CVET2").  (*Id.*)

Simultaneously, Great Western also alleged that CVET2 defaulted on two promissory notes (valued at $550,000 and $820,000) secured by "equipment or inventory" (the "Equipment Loan").  (*Id.* at 2–3.)  This loan was guaranteed by four of the seven defendants, but not Avery.  (*Id.*)

| $2.3 Million Promissory Note ("Real Estate Loan") | $550,000 and $820,000 Promissory Notes ("Equipment Loan") |
|---|---|
| Secured by real property | Secured by equipment and inventory |
| **Borrower:** Avery Small C | **Borrower:** CVET2 |
| **Lender:** Great Western | **Lender:** Great Western |
| **Guarantors:**<br>Michael A. Hochman (with marital community joinder Anna Hochman)<br>Michael A. Hochman Family Partnership<br>Clear Vision Express<br>Avery Holdings<br>CVET2 | **Guarantors:**<br>Michael A. Hochman<br><br>Michael A. Hochman Family Partnership<br>Clear Vision Express<br>Avery Holdings |

(Docs. 7-1, 7-3, 11.)

Each of the loan documents contained a forum selection clause providing: "Choice of Venue.  If there is a lawsuit, Guarantor agrees upon Lender's request to submit to jurisdiction of the courts of Maricopa County, State of Arizona."  (Doc. 7-2 at 30, 39, 43, 47, 51, 74.)

In its complaint filed in the Superior Court, Great Western asserted nine claims for relief against Avery, CVET2, and the guarantors of the promissory notes (collectively "Defendants").  (Doc. 7-1.)  Great Western alleged breach of contract, breach of guaranties,

breach of the covenant of good faith and fair dealing, conversion, and unjust enrichment. (Doc. 7-1., *see* Doc. 11 at 3, note 3.)  Defendants answered and filed a counterclaim against Great Western for breach of the implied covenant of good faith and fair dealing—all in the Superior Court.  (Doc. 7-3 at 15–22.)

On February 22, 2021, Avery filed a Voluntary Chapter 11 Bankruptcy Petition in the U.S. Bankruptcy Court in the Southern District of Texas ("Texas Bankruptcy Court"). (Doc. 1-5.)  In March 2021, Avery filed a Notice of Removal in the Superior Court "requesting that the litigation pending in Arizona be removed directly to" the Texas Bankruptcy Court. (Doc. 1-1 at 2, 6-1 at 1.)  In the Texas Bankruptcy Court, Great Western filed a Motion to Remand the case back to Superior Court.  (Doc. 1-1.)  Great Western argued that direct removal from Superior Court to Texas Bankruptcy Court did not comply with 28 U.S.C. § 1452(a).

In response, Avery claimed it "tried to file the Notice of Removal with the bankruptcy clerk for the Arizona Division/District," but the clerk of the U.S. Bankruptcy Court for the District of Arizona "refused to accept an adversary filing for a bankruptcy case pending in a bankruptcy court outside the state of Arizona." (Doc. 1-2 at 2.)  Avery reasoned that sending this case to this Court "elevate[d] form over substance" particularly because "the case is just going to end up back in Texas." (*Id.*)

The Texas Bankruptcy Court then transferred the entire adversary proceeding to the District Court in Arizona.[1]  (Doc. 1.)  Lacking any of the requisite information or filings, such as the complaint or answers, the undersigned ordered the parties to file in this Court's record a copy of each of these documents.  (Doc. 4.)

The parties seem to be operating under the assumption that their procedural maneuvers transferred the entire case and pending motions to the undersigned—including a Motion for Partial Summary Judgment filed with the Superior Court, and never properly filed with this Court (*see* Doc. 7-5, Doc. 24.)  It would appear that the Superior Court does not share this impression, though the record is unclear.  The Superior Court entered a

---

[1] This Court interprets the Texas Bankruptcy Court's order (Doc. 1 at 1) as lifting the automatic stay for purposes of transfer and remand.

minute entry on February 26, 2021, placing the case on a dismissal calendar until August 21, 2021 as to Avery only. *See Great Western Bank v. Clear Vision Express Tucson 2, et al.*, Ariz. Super. Ct. No. CV2020-007502, Min. Entry, Feb. 26, 2021 (Viola, J.). The Superior Court explicitly held that "as to the remaining defendants, the provisions of Rule 38.1, A.R.C.P. shall continue to apply." (*Id.*) The Superior Court has not filed a notice since this minute entry. *See Great Western Bank v. Clear Vision Express Tucson 2, et al.*, Ariz. Super. Ct. No. CV2020-007502, Docket (Viola, J.). From these entries, the Court construes that the Superior Court assumes it has jurisdiction over the non-debtor Defendants—that is, the six other Defendants except Avery.

## II.     LEGAL STANDARD

28 U.S.C. § 1452 permits removal of "any claim or cause of action in a civil action . . . to the district court for the district *where such civil action is pending*, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a)(1) (emphasis added). Normally, removal of a state court case to a bankruptcy court located in a different district than the state court is a multi-step process. *Roberts v. Bisno* (*In re Bisno)*, 433 B.R. 753, 757 (Bankr. C.D. Cal. 2010). First, the removing party must remove the state court case to the local federal district court within the district where the case is pending. *Id.* Second, the district court can refer the case to the bankruptcy court within that district.[2] *Curtis v Shpak (In re Curtis)*, 571 B.R. 441, 449 (B.A.P. 9th Cir. 2017). Then, the removing party can file a motion to transfer the venue of the removed case to the district where the relevant bankruptcy is pending. *In re Bisno*, 433 B.R. at 757.

Courts are split on whether failure to follow the above procedure creates a jurisdictional issue or a procedural issue. *Compare In re Bisno*, 433 B.R. at 757 (deciding removal of a state court proceeding to a bankruptcy court in a non-local district was "a

---

[2] Some courts have allowed direct removal to the bankruptcy court because the bankruptcy court derives its jurisdiction from the district court, such that removal of a claim directly to the bankruptcy court is the "functional equivalent" of removal to the district court. *Bank of America, N.A. v. Brennan Title Co. (In re Donoho)*, 402 B.R. 687, 692 (Bankr.E.D.Va.2009) (collecting cases). Arizona has a general order of reference to the bankruptcy court. General Order 01-15, U.S. D. Ct., D. Ariz. (June 29, 2001).

- 4 -

1   defect of venue and not jurisdiction"); *Peterson v. BMI Refactories, Inc.*, 124 F.3d 1386,

2   1388 (11th Cir. 1997) (concluding removal to the wrong court was a procedural defect); *In*

3   *re Trafficwatch*, 138 B.R. 841, 844 (Bankr. E.D. Tex. 1992) (emphasizing that a

4   bankruptcy court still has subject matter jurisdiction even when the case is improperly

5   removed, albeit with a procedural defect which can be waived); *In re Pixius Commc'ns,*

6   *LLC*, No. 19-11749, 2020 WL 3813237, at *3 (Bankr. D. Kan. June 11, 2020) (holding

7   wrong-court removal "is a procedural error, nothing more"); *with Furr v. Barnett Bank, (In*

8   *re S & K Air Power, Inc.)*, 166 B.R. 193, 195 (Bankr. S.D. Fla. 1994) (finding the

9   bankruptcy court lacked jurisdiction over an improperly-removed action); *National*

10  *Developers, Inc. v. Ciba–Geigy (In re National Developers, Inc.)*, 803 F.2d 616, 620 (11th

11  Cir. 1986) (same).

12          No Ninth Circuit precedent exists addressing whether improper removal creates a

13  jurisdictional or merely procedural issue.  *See Lsref2 Nova Invs. III, LLC v. Austin Burnet*

14  *Pro., LLC*, No. CV1307941BROSHX, 2013 WL 12201857, at *3 (C.D. Cal. Dec. 18,

15  2013); *In re Bisno*, 433 B.R. at 757.  Regardless, under § 1452(b), a court may remand any

16  claim or cause of action removed under section (a) on any ground the court deems

17  equitable.  A court's discretion as to remand is broad.  *Lsref2 Nova Invs. III*, 2013 WL

18  12201857, at *3.

19  **III.    ANALYSIS**

20          Pursuant to 28 U.S.C. § 1452, the proper place for Avery to file its notice of removal

21  of the Superior Court action was with the District Court of Arizona, which would then refer

22  the case to the Bankruptcy Court for the District of Arizona.  General Order 01-15, U.S. D.

23  Ct., D. Ariz. (June 29, 2001); *see also In re Bisno*, 433 B.R. at 756.  Then, Avery could

24  have filed a Motion for Change of Venue within the Arizona Bankruptcy Court.  Yet Avery

25  bypassed these steps and filed its notice of removal directly in the Texas Bankruptcy Court.

26  (Doc. 1-4 at 3.)

27          There is no doubt that Avery's procedural missteps have caused absolute confusion

28  and slowed down proceedings in three courts.  Now, the parties are raising arguments in

1   this Court regarding venue, bifurcation, and partial summary judgment.  (*See* Docs. 8, 11,

2   24.)  But it is unclear that this Court even has jurisdiction.  *Lsref2 Nova Invs. III*, 2013 WL

3   12201857, at *3.

4         Accordingly, the most equitable solution here is remand of the entire case back to

5   the Superior Court of Arizona.  Under 28 U.S.C. § 1452(b), a court may remand any cause

6   of action removed under section (a) on any equitable grounds.  This statute grants the Court

7   broad discretion.  *In re McCarthy*, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999).   When

8   considering remand, the Court shall consider:

9   10   11   12   13   14   15   16   17   18
> (1) the effect or lack thereof on the efficient administration of
> the estate if the Court recommends [remand or] abstention; (2)
> extent to which state law issues predominate over bankruptcy
> issues; (3) difficult or unsettled nature of applicable law; (4)
> presence of related proceeding commenced in state court or
> other nonbankruptcy proceeding; (5) jurisdictional basis, if
> any, other than § 1334; (6) degree of relatedness or remoteness
> of proceeding to main bankruptcy case; (7) the substance rather
> than the form of an asserted core proceeding; (8) the feasibility
> of severing state law claims from core bankruptcy matters to
> allow judgments to be entered in state court with enforcement
> left to the bankruptcy court; (9) the burden on the bankruptcy
> court's docket; (10) the likelihood that the commencement of
> the proceeding in bankruptcy court involves forum shopping
> by one of the parties; (11) the existence of a right to a jury trial;
> (12) the presence in the proceeding of nondebtor parties; (13)
> comity; and (14) the possibility of prejudice to other parties in
> the action.

19   *In re Cedar Funding, Inc.*, 419 B.R. 807, 820 n.18 (B.A.P. 9th Cir. 2009); *In re Roman*

20   *Catholic Bishop of San Diego*, 374 B.R. 756, 761–62 (Bankr. S.D. Cal. 2007); *In re Enron*

21   *Corp.*, 296 B.R. 505, 508-09 (C.D. Cal. 2003); *see Health Care Serv. Corp. v. Mallinckrodt*

22   *ARD LLC*, No. 21-CV-00165-JSC, 2021 WL 2474272, at *4–6 (N.D. Cal. June 17, 2021)

23   (applying the fourteen factors to determine remand is appropriate).

24         Equity favors remand here.  Factors two, three, five, six, ten, eleven, and thirteen all

25   weigh in favor of remand.  First, the predominant issues in this case are all issues of state

26   law.  The complaint raises only state law causes of action: breach of contract, injunctive

27   relief, breach of guaranty, breach of covenant of good faith and fair dealing, unjust

28   enrichment, conversion, judicial foreclosure (Doc. 7-1, *see* Doc. 11 at 3, note 3.)

1    Defendants' counterclaim is likewise a state law claim: breach of the implied covenant of

2    good faith and fair dealing.  (Doc. 7-3 at 15–22.)  Second, the nature of the applicable law

3    weighs in favor of remand to state court.  The parties' loan documents explicitly state that

4    Maricopa County, Arizona would be the parties' venue for resolution of their disputes.

5    (Doc. 7-2 at 30, 39, 43, 47, 51, 74.)  Neither party argues that this forum selection clause

6    is invalid, and the Court must give weight and protect "the legitimate expectations of the

7    parties." *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49,

8    63 (2013).  Moreover, factor ten (forum shopping) is implicated as well.  Though only one

9    of the seven Defendants declared Chapter 11 Bankruptcy in Texas (Doc. 8 at 3), all seven

10   Defendants ostensibly argue that Texas Bankruptcy Court is the proper forum for their

11   dispute (*See* Doc. 8).

12        As to factor five, jurisdictional basis, Defendants' only asserted jurisdictional basis

13   for removal is 28 U.S.C. § 1334.  Defendants assert no other basis for federal subject matter

14   jurisdiction.  And no court has ruled yet on the relatedness of the Defendants' claims to

15   Avery's (the Debtor) estate.  Relatedly, factor six, "relatedness to bankruptcy," implicates

16   this same jurisdictional issue.  If the matter is core to the bankruptcy proceeding, it weighs

17   significantly against equitable remand.  *In Re Cedar Funding, Inc.*, 419 B.R. 807, 821

18   (B.A.P. 9th Cir. 2009) ("[T]hat the matter is core is a significant factor weighing [against

19   equitable remand].")  Defendants have not argued that their case is core, merely related to,

20   the bankruptcy proceeding.

21        Factor nine, burden on the bankruptcy court, likewise favors remand.  Remand of

22   this case to state court for proper consideration of Great Western's Motion for Partial

23   Summary Judgment, if granted, could reduce the burden on the bankruptcy court. (Doc. 7-

24   5.)  Finally, comity (factor thirteen) favors remand.  The collateral and guarantors are all

25   located within Arizona, and all claims are issues of Arizona state law.  (*See* Doc. 7-2.)

26        As such, the Court finds that these factors outweigh countervailing considerations

27   and remand is warranted.

28   ///

IV.   **CONCLUSION**

**IT IS ORDERED denying** Avery Commercial Small C, et al.'s Motion to Transfer Venue.  (Doc. 8.)

**IT IS FURTHER ORDERED denying** Great Western Bank's Motion to Bifurcate.  (Doc. 11.)

**IT IS FURTHER ORDERED** that Great Western Bank's Motion for Partial Summary Judgment on Counts IV and V remains pending before the Arizona Superior Court in Maricopa County. (Doc. 24.)

**IT IS FINALLY ORDERED** directing the Clerk of the Court to remand this action to the Arizona Superior Court in Maricopa County and close this case.

Dated this 6th day of October, 2021.

*Michael T. Liburdi*

Michael T. Liburdi
United States District Judge